IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LESLIE HARRIS                                                                                    PLAINTIFF

V.                                     CIVIL NO. 6:11-CV-06080

JASON WATSON;
JAIL ADMINISTRATOR RICK;
NICK FUNDERBUNK; and
CHARLES GREENO                                                                                DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Leslie Harris filed this case *pro se* and *in forma pauperis* on October 28, 2011 under 42 U.S.C. § 1983. ECF No. 1. Now before the Court is Defendants' Third Motion to Dismiss. ECF No. 26. Plaintiff has not responded to the Motion.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

**I.     BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Clark County Detention Center ("CCDC") in Arkadelphia, Arkansas. Plaintiff is currently incarcerated in the Arkansas Department of Corrections Cummins Unit in Grady, Arkansas.

On April 13, 2012, the Court issued an Order granting Defendants' Motion to Compel and directing Plaintiff to properly respond to the requested discovery on or before April 30, 2012. ECF No. 13.

On May 2, 2012, Defendants filed their first Motion to Dismiss. ECF No. 14. In this Motion, Defendants sought dismissal based on Plaintiff's failure to comply with the Court's April 13, 2012 Order. ECF No. 14.

On May 30, 2012, Plaintiff responded to Defendants' first Motion to Dismiss stating he did not want his case dismissed and he did plan to answer Defendants' discovery. ECF No. 15. On June 14, 2012, Plaintiff filed a Motion for Extension of Time to answer Defendants' discovery requests. ECF No. 19. The Court granted the extension, and gave Plaintiff until August 1, 2012 to respond to Defendants' discovery requests. On July 11, 2012, Plaintiff filed a second Motion for Extension of Time to answer Defendants' discovery request. ECF No. 21. Plaintiff stated he needed more time because of a transfer out of the county jail. ECF No. 21.

On January 2, 2013, the Court granted Plaintiff a second extension and directed Plaintiff to respond to Defendants' discovery by January 16, 2013. ECF No. 24. The Court advised Plaintiff in this Order that this extension would be his last opportunity to respond to the discovery requests and if he failed to do so, this case would be subject to dismissal.

On March 6, 2013, Defendants filed the instant Motion to Dismiss. ECF No. 26. In this Motion, Defendants explained they first sent Plaintiff the discovery request on March 8, 2012—over one year ago—and Plaintiff was given three extensions by the Court to respond to these requests. Despite these extensions, Plaintiff has failed to responded to the discovery requests.

II.   **APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

2

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

Plaintiff has continually failed to participate in discovery with Defendants. Additionally, he has failed to comply with a Court order by failing to respond to the discovery requests by the Court's extended deadline. ECF No. 24. Further, Plaintiff has failed to prosecute this case. He did not respond to the instant Motion to Dismiss and has not made a filing in this case since July 11, 2012.

3

Because the Court's Order was not returned as undeliverable the Court presumes Plaintiff received it and willfully disobeyed it. Additionally, Plaintiff has refused to participate in discovery with Defendants for over a year now. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's complaint be dismissed with prejudice. *See Hunt,* 203 F.3d at 527.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV.  CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this **23rd day of May 2013.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE